IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

SHANE TEPPER,

     Plaintiff,

v.

PIYUSH AGARWAL and ALBERTUS
MACHIEL SCHEPERS,

     Defendants.

Civil Action No.
1:25-cv-04917-VMC

**ORDER**

This breach of contract case filed pursuant to 28 U.S.C. § 1332[1] is before the

Court on a *sua sponte* review of subject matter jurisdiction. Federal courts are

courts of limited jurisdiction. *Univ. of South Ala. v. Am. Tobacco Co.*, 168 F.3d 405,

409 (11th Cir. 1999). Thus, the Court should inquire into whether it has subject

matter jurisdiction at the earliest possible stage in the proceedings; indeed, a

federal court is obligated to inquire into subject matter jurisdiction *sua sponte*

whenever it may be lacking. *Id.*

In order to invoke a federal court's diversity jurisdiction, a plaintiff must

establish that the parties are citizens of different states and that the amount in

controversy exceeds $75,000. *See* 28 U.S.C. § 1332; *Legg v. Wyeth*, 428 F.3d 1317,

1320 n.2 (11th Cir. 2005) ("Federal diversity jurisdiction under 28 U.S.C. § 1332

---

[1] No federal question is presented in the Complaint.  (*See generally* Compl.)

requires "complete diversity"—the citizenship of every plaintiff must be diverse from the citizenship of every defendant."); *Federated Mut. Ins. Co. v. McKinnon Motors, LLC*, 329 F.3d 805, 807 (11th Cir. 2003). Plaintiff has failed to establish both requirements.

First, it is unclear whether complete diversity exists between the parties. Plaintiff alleges that he is an individual residing in Atlanta, Georgia. (Doc. 1 ¶ 5). On information and belief, Plaintiff alleges that Defendant Albertus Machiel Schepers "is an individual who resides at 331 Pennsylvania Ave., Unit 2020, San Francisco, California 94107" and Defendant Piyush Agarwal "is an individual who resides at 7006 Molluk Way, Clayton, California, 94517." (*Id.* ¶ ¶ 6, 7). But in order to properly invoke this Court's jurisdiction, Plaintiff must allege the parties' citizenship. That means alleging domicile. "Individuals . . . are only citizens of the state in which they are domiciled . . . and they have only one domicile." *Molinos Valle Del Cibao, C. por A. v. Lama*, 633 F.3d 1330, 1346 (11th Cir. 2011). Domicile is defined as the place of a person's "true, fixed, and permanent home and principal establishment, and to which he has the intention of returning whenever he is absent therefrom." *Id.* (quoting *Sunseri v. Macro Cellular Partners*, 412 F.3d 1247, 1249 (11th Cir. 2005)). "Domicile is not necessarily synonymous with residence . . . one can reside in one place but be domiciled in another." *D.R. ex rel. Igles v. Grant*, 770 F. Supp. 2d 1337, 1344 (M.D. Ga. 2011) (citing *Miss. Band*

*of Choctaw Indians v. Holyfield,* 490 U.S. 30, 48 (1989)) (internal quotation marks omitted). "For diversity purposes, . . . mere residence in the State is not sufficient." *Id*. (quoting *Mas v. Perry,* 489 F.2d 1396, 1399 (5th Cir. 1974)).

Second, the Complaint fails to properly plead that the amount in controversy requirement is met. "A plaintiff satisfies the amount in controversy requirement by claiming a sufficient sum in good faith." *Federated Mut. Ins.,* 329 F.3d at 807 (citing *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288 (1938). Generally, "[i]t must appear to a legal certainty that the claim is really for less than the jurisdictional amount to justify dismissal." *Red Cab Co.,* 303 U.S. at 289. "However, where jurisdiction is based on a claim for indeterminate damages, the *Red Cab Co.* 'legal certainty' test gives way, and the party seeking to invoke federal jurisdiction bears the burden of proving by a preponderance of the evidence that the claim on which it is basing jurisdiction meets the jurisdictional minimum." *Federated Mut. Ins.,* 329 F.3d at 807. "A conclusory allegation . . . that the jurisdictional amount is satisfied, without setting forth the underlying facts supporting such an assertion, is insufficient to meet the [plaintiff's] burden." *Leonard v. Enter. Rent a Car,* 279 F.3d 967, 972 (11th Cir.2002) (quotation omitted) (addressing removal from state court).

The purported basis for the amount in controversy is found in Paragraph 10 of the Complaint. There, Plaintiff alleges that the "amount in controversy

3

greatly exceeds Seventy-Five Thousand Dollars ($75,000), exclusive of interest, costs, and attorney's fees, as required to sustain subject-matter jurisdiction in this Court." (Doc. 1 ¶ 10). It is not apparent on the face of the Complaint that each Plaintiff's damages meet the jurisdictional minimum. As Plaintiff has claimed an indeterminate amount of damages and his allegations that the amount in controversy greatly exceeds $75,000 are purely conclusory, his Complaint is subject to dismissal on jurisdictional grounds. *See Federated Mut. Ins.*, 329 F.3d at 807. However, the Court will allow Plaintiff one opportunity to cure these jurisdictional defects.

Accordingly, the Court **ORDERS** Plaintiff to file an Amended Complaint with (1) allegations about the Parties' citizenship, and (2) evidence that demonstrates that the amount in controversy exceeds the requisite amount in controversy to establish jurisdiction in this Court **NO LATER THAN NOVEMBER 17, 2025**. The Court **ADVISES** Plaintiff that failure to comply with this Order will result in the dismissal of his case without prejudice for lack of jurisdiction. The Clerk is directed to submit this matter to the undersigned on November 18, 2025.

**IT IS SO ORDERED** this 3rd day of November, 2025.

_____
Victoria Marie Calvert
United States District Judge

4